Filed 10/27/14  P. v. Lawson CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>STEVEN LAWSON,<br><br>    Defendant and Appellant. | B255720<br><br>(Los Angeles County<br>Super. Ct. No. NA091962) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jesse I. Rodriguez, Judge.  Affirmed.

Tracy A. Rogers, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

A jury convicted Steven Lawson of inflicting corporal injury to a cohabitant (Pen. Code, § 273.5 subd. (a)) and found true he had personally used a deadly or dangerous weapon to commit the offense (Pen. Code, § 12022, subd. (b)(1)).  In a bifurcated proceeding, the trial court found Lawson had suffered a prior serious or violent felony conviction for third degree robbery in Alabama within the meaning of the three strikes law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and Penal Code section 667, subdivision (a) and he had served four separate prison terms for felonies (Pen. Code, § 667.5, subd. (b)).  The court sentenced Lawson to an aggregate state prison term of 16 years: a term of six years (the three-year middle term doubled under the three strikes law) for inflicting corporal injury to a cohabitant, plus one year for the deadly weapon enhancement, plus five years for the serious felony enhancement, plus one year for each of the four prior prison term enhancements.

Lawson appealed, contending his prior Alabama conviction for third degree robbery does not qualify as a serious or violent felony for purposes of the three strikes law or as a serious felony for purposes of Penal Code, section 667, subdivision (a)(1). This court affirmed the judgment, vacated the sentence and remanded for further proceedings on whether, notwithstanding the differences between the California and Alabama robbery statutes, the conduct underlying Lawson's robbery conviction in Alabama would also violate California's robbery statute.  (*People v. Lawson* (Oct. 7, 2013, B243915) [nonpub. opn.].)

On remand, the People elected not to proceed on the prior conviction allegations, and the trial court granted Lawson's motion to dismiss the prior strike and prior serious felony allegations.  The court sentenced Lawson to an aggregate state prison term of eight years:  the middle term of three years for inflicting corporal injury to a cohabitant, plus one year for the deadly weapon enhancement, plus one year for each of the four prior prison term enhancements.  This appeal followed.

We appointed counsel to represent Lawson on appeal.  After examination of the record, counsel filed an opening brief in which no issues were raised.  On July 31, 2014, we advised Lawson he had 30 days within which to personally submit any contentions or

issues he wished us to consider.  On August 28, 2014, we received a nine-page hand printed supplemental brief in which Lawson appears to contend the evidence was insufficient to support the conviction, the prosecutor committed misconduct at trial, his defense counsel provided ineffective assistance and the trial court deprived him of his constitutional right to present a defense.

We reject Lawson's claims as an unauthorized effort to appeal a second time from the 2012 judgment.  (*People v. Senior* (1995) 33 Cal.App.4th 531, 537-538.)  We have examined the record and are satisfied Lawson's appellate attorney has fully complied with the responsibilities of counsel and no arguable issue exists.  (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The judgment is affirmed.

**WOODS, J.**

**We concur:**

**PERLUSS, P. J.**

**ZELON, J.**